**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Pamela Crowder** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number: | **24-09428** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.1, 3.1, 5.1, 8.1**

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$897.00** per **Month** for **2** months
**$917.00** per **Month** for **58** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Pamela Crowder** | Case number | **24-09428** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**54,980.00**.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **U.S. Bank National Association, not** | **8823 S. May St. Chicago, IL 60620 Cook County Debtor's primary residence. PIN 25-05-210-008-0000 Value per Zillow.com** | **$370.42**<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition: **$40,599.73** | **0.00%** | **$751.85** | **$40,599.73** |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**.

*Check one.*

| Debtor | **Pamela Crowder** | Case number | **24-09428** |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **7.30**% of plan payments; and during the plan term, they are estimated to total $**4,013.48**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,450.00**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $         .
☑ **100.00** % of the total amount of these claims, an estimated payment of $ **5,894.17** .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **5,894.17** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

| Debtor | **Pamela Crowder** | Case number | **24-09428** |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
Interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of 8.5%.

## Part 9: Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  **/s/ Pamela Crowder**
**Pamela Crowder**
Signature of Debtor 1

Executed on    **September 19, 2024**

X  **/s/ Matthew C. Baysinger**
**Matthew C. Baysinger**
Signature of Attorney for Debtor(s)

X  _____
Signature of Debtor 2

Executed on    _____

Date    **September 19, 2024**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Debtor **Pamela Crowder** Case number **24-09428**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$40,599.73** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$8,463.48** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$5,894.17** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*  + | **$0.00** |
| | **Total of lines a through j** | **$54,957.38** |